**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 1:26-cr-4 (APM)** |
| | : | |
| | : | |
| **RAHMANULLAH LAKANWAL,** | : | |
| | : | |
| **Defendant.** | : | |

**APPLICATION FOR ORDER TO PROVIDE MEDICAL RECORDS FORTHWITH**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully seeks an order from this Court directing the ▮▮▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to provide forthwith to undersigned counsel medical records documenting treatment for **RAHMANULLAH LAKANWAL** for the period commencing on July 8, 2026 and continuing through his current hospitalization ▮▮▮▮▮.

In June 2026, the government learned from the representatives of the United States Marshal's Service (USMS) that they had concerns regarding the defendant's physical wellbeing based on his refusal to consume adequate nutrition for an extended period and the resulting physical and physiological changes that put him at risk for long-term health consequences, including a potential risk of death. On June 16, 2026, the government learned for the first time that a protective order existed that prohibited the government from receiving medical records concerning Lakanwal's treatment. The government has not seen that protective Order. As a result of that Order, the undersigned counsel has not had meaningful access to defendant Lakanwal's medical records, and has received only limited summary information regarding defendant Lakanwal's health status.

The government learned this morning, July 9, 2026, that Lakanwal was transferred to ▮▮▮▮ on an emergency basis on or around midnight for medical treatment necessary to preserve his life. The

government contacted the Court and requested an emergency hearing on this matter; the Court held a hearing at 11:30 pm during which it heard representations from Michelle Peterson, counsel for defendant Lakanwal, and the undersigned counsel for the government. At that hearing, the Court concluded that it was necessary and appropriate for the undersigned attorneys to have access to the defendant's medical records for the period commencing on July 8, 2026, including access to his treatment providers for the purpose of receiving health and diagnostic information.

The government further submits that it is necessary and appropriate for the undersigned to have access to the defendant's medical records for the duration of his current hospitalization so that it can litigate any issues with respect to the USMS's continued duty to "provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086.[1]   As part of these obligations, the USMS cannot allow an individual to starve him or herself in its custody and has an affirmative duty to "provide life-saving nutritional and medical care to persons in custody." *See Aamer v. Obama*, 953 F.Supp. 2d 213, 221 (D.D.C. July 16, 2013). "Whatever the medical ethics for that person at liberty, the United States as custodian has additional obligations." *Id.* "Numerous courts have recognized the Government's affirmative duty to prevent suicide and to provide life-saving nutritional and medical care to persons in-custody." *Id.* "[P]rison officials must take reasonable preventative steps to guarantee the safety of inmates in their charge." *Id.* at 222. "Thus, prison officials must take reasonable preventative steps when they are aware that there is a substantial risk that an inmate may attempt to take his own life." *Id.* "The Government has a legitimate penological interest in preventing suicide, and the involuntary feeding of hunger-striking prisoners and detainees has been repeatedly upheld." *Id.* (string cite omitted).

---

[1]     The USMS lacks litigating authority before this Court. *See* 28 U.S. Code § 566.

At the Court's direction, the government will confer with Ms. Peterson concerning access to the defendant's prior medical records, including by proposing a protective order limiting the use of any such records.  Should the parties be unable to reach agreement on that issue, the government will request a hearing before the Court tomorrow.

Wherefore, the government request that the Court sign the attached orders permitting the undersigned attorneys to obtain defendant Lakanwal's medical records from July 8, 2026, and continuing the duration of his current hospitalization..

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    /s/ *Jocelyn Ballantine*
JOCELYN BALLANTINE (CA Bar No. 208267)
CHRISTOPHER TORTORICE (TX Bar No. 24048912)
ARIEL L. DEAN (DC Bar No. 90003803)
Assistant United States Attorneys
601 D Street, NW
Washington, D.C. 20530
Office: 202-252-7252
Email: Jocelyn.Ballantine2@usdoj.gov